**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2880
_____

KEITH ALEXANDER,
                                    Appellant

v.

THOMAS MCGINLEY; KATHY BISCO; JUSTIN AGOSTA; LINDSAY NYE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:20-cv-02226)
District Judge:  Honorable Malachy E. Mannion

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 13, 2023
Before:  HARDIMAN, PORTER, and FREEMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed )
_____

OPINION[*]
_____

PER CURIAM

        Keith Alexander, proceeding pro se, appeals an order of the United States District

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Court for the Middle District of Pennsylvania granting defendants' motion to dismiss his complaint. For the reasons that follow, we will affirm the judgment of the District Court.

Alexander, a state prison inmate, filed a complaint pursuant to 42 U.S.C. § 1983 against four prison employees, seeking compensatory and punitive damages and injunctive relief for alleged violations of the Eighth and Fourteenth Amendments. Dkt. No. 50 at 7. Alexander alleged that, while he was working in the prison commissary, a fellow inmate's cart slashed his Achilles tendons, and the employees "knew or should have known" the circumstances could cause severe injury. Dkt. No. 50 at 3-6. Before the defendants were served, Alexander filed a motion to subpoena his medical records, which the District Court dismissed as premature. Dkt. Nos. 6 & 18. After the defendants moved to dismiss Alexander's complaint, he filed a motion to amend. Dkt. Nos. 40 & 50. He twice sought appointment of counsel. Dkt. Nos. 2 & 38.

The District Court denied Alexander's motions for appointment of counsel, granted his motion to amend and defendants' motion to dismiss, and dismissed his amended complaint. Dkt. Nos. 7, 5, 85. Alexander filed this timely appeal.

We have jurisdiction under 28 U.S.C. § 1291. We review the denial of Alexander's discovery request and motions for appointment of counsel for abuse of discretion. Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997); In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). We exercise de novo review over the District Court's grant of a motion to dismiss. Castleberry v. STI Grp., 863 F.3d 259, 262-63 (3d Cir. 2017).

On appeal, Alexander contends that the District Court abused its discretion in dismissing without prejudice his motion to subpoena his medical records. According to Fed. R. Civ. P. 37(a)(1), a party may request that the court intervene in discovery only if he has "in good faith conferred or attempted to confer" with the party that has failed to make the requested disclosure. As the District Court correctly explained, Alexander's motion was premature: the defendants had not yet been served, so they had not yet been given the opportunity to comply with discovery requirements, and Alexander could not have attempted to confer with them.

Alexander also asserts that the District Court erred in ruling on defendants' motion to dismiss without first directing a Magistrate Judge to submit a recommendation on the motion.[1] However, the Federal Magistrates Acts states that "a [district court] judge *may* designate a magistrate judge" to take certain actions, including submitting a recommendation on a dispositive motion; a judge is not required to do so. See 28 U.S.C. § 636(b)(1)(A-B) (emphasis added). Alexander also made no request to the District Court regarding a recommendation from a Magistrate Judge.[2]

---

[1] As to Alexander's argument that a Magistrate Judge should have made a recommendation regarding his motion to amend, C.A. Dkt. No. 10 at 14-17, because Alexander's motion was granted, we do not have appellate jurisdiction over an appeal from this order, see McLaughlin v. Pernsley, 876 F.2d 308, 313 (3d Cir. 1989) ("In order to have standing to appeal a party must be aggrieved by the order of the district court from which it seeks to appeal.").

[2] To the extent Alexander asserts that the District Court's adverse ruling on the motion to dismiss demonstrates judicial bias, C.A. Dkt. No. 10 at 14 & 16-17, we note that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," Liteky v. United States, 510 U.S. 540, 555-56 (1994). Nothing here indicates an exception to that proposition.

Alexander may have forfeited a specific challenge to the District Court's dismissal of his Eighth Amendment claim by failing to raise an argument about the merits of the claim in his brief. See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 145-47 (3d Cir. 2017). Regardless, the District Court was correct to dismiss Alexander's claim because it rested on principles of negligence, which does not satisfy the state of mind required to establish a violation of the Eighth Amendment. See Thomas v. Tice, 948 F.3d 133, 138 (3d Cir. 2020) (requiring a plaintiff to show that officials "actually knew of and disregarded constitutional violations" to state an actionable Eighth Amendment claim) (citation omitted).

As to Alexander's argument that the District Court abused its discretion by denying his motions for appointment of counsel, C.A. Dkt. No. 10 at 4 & 7-12, we disagree. In deciding whether to appoint counsel, a court must first determine whether the litigant's case has arguable merit. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). As discussed, Alexander's claims were without merit, so the District Court was correct in its denials.

Accordingly, we will affirm the judgment of the District Court.[3]

---

[3] We deny Alexander's motions requesting that we dismiss Appellees' brief as untimely or rescind the Clerk's order granting Appellees' request for an extension of time to file a brief. C.A. Dkt. Nos. 20, 21, 22, 24.